Thank you. Good morning. Michael Ackerman for the Appellant, Ron Fish. This is an appeal from an order granting a motion to dismiss a cause of action for abuse of process and a motion granting summary judgment on a cause of action for Melissa's prosecution. And I'd like to address the second order first, which was the one granted by Judge McNamee on the motion for summary judgment. And his order, which is a part of the record, was that there was no claim for Melissa's prosecution because the underlying action did not terminate favorably to the appellant. And that conclusion was not based upon what actually occurred in the district court in Judge Merguia's department, but instead his recharacterization of the order that was issued by Judge Merguia. Didn't Judge Merguia find that the court lacked jurisdiction, personal jurisdiction, over Mr. Fish in the underlying case? That's correct, Your Honor. And would that terminate on the be a termination on the merits in favor of Mr. Fish? Well, that order was only issued after she had already ruled on the merits on the prior two counts. So is that an alternative holding by the judge? It is not. It is a holding by the judge only with respect to the cause of action for interference with contract. Ordinarily, in the way in which we sort of prioritize these things, we would deal with subject matter jurisdiction first, and then personal jurisdiction, and then venue and other questions serve as a process. Now, whether the judge went out of order, how does that affect the fact that she said that there was no personal jurisdiction as to your client? Because before she got to that issue, she had already ruled on the claim for unfair competition under the Lanham Act. Now, that wasn't limited to Mr. Fish, was it? No. That's why I think she went in the order she went. Okay. So that order then could apply to Mr. Fish's co-defendants without applying to Mr. Fish, if there was no personal jurisdiction as to Mr. Fish. Well, her order at the time it was written applied to Mr. Fish, because if you look at her order, the sequence she went in is she first addressed subject matter jurisdiction and found there was subject matter jurisdiction to the two state to the state claim for interference with contract and the Federal claim under the Lanham Act, but said there was no subject matter jurisdiction as to the declaratory relief or declaratory judgment cause of action. She threw that one out. Next, she took up the motions, which were made both by Solight and by Ron Fish, that the causes of action don't or the two counts remaining did not state a cause of action. Mr. Ackerman, if she had – if Judge Verghia's court had jurisdiction over Solight but not over Mr. Fish and rendered the opinion, how would the court be in a position to render a decision on the merits over a party where it had no jurisdiction? Well, even if that were true, what she did was she rendered a decision. And the point being is that is res judicata, right or wrong. She made that decision. And if I can, I'd like to cite a Ninth Circuit case to the Court, which is United States v. Van Cowenberg, C-A-U-W-E-N-B-E-R-G-E. Is that in your brief, sir? It is not, Your Honor. Is it a recent case? Did you send the notice by 28J letter? It's 1991. I'm sorry. But the point being – Did you provide it? Did you provide it to the deputy? I have extra copies. You can do that afterwards. You can provide it to the deputy as long as you provide it to opposing counsel as well. I have. The point being is in that case, the appellant argued that in a prior criminal case, the convictions against him were improper or erroneous because they didn't have personal jurisdiction, because the court did not rule on a motion to dismiss for form of nonconvenience. And this Court held that that was res judicata, right or wrong. You can't go back and determine the issue of personal jurisdiction in a collateral action, which is exactly what this Court is doing. Mr. Ackerman, the determination that there was no personal jurisdiction over Mr. Fish occurs in the same order. Is that correct? It is in the same order, but only after she has ruled on the merits. Well, your argument then is one based on the sequencing in the pages in which the judge wrote the order. No. The importance, Your Honor, is that her factual analysis as to personal jurisdiction was only made with respect to the State claim for interference with contract. She did not go through the factual analysis on the claim for Lanham Act, unfair contract. Is there a different analysis to be done? There is. So is your contention, then, that your client was subject to personal jurisdiction under the Lanham Act? We'll never know, because she didn't make that analysis. She did not rule on that. Did the parties brief the question of personal jurisdiction differently for the two actions? I believe so, Your Honor. I cannot represent that. Is it in the record? It's not a part of this record. How are we supposed to determine that if we don't have the briefs in front of us? Because the order itself shows on its face that she did not make the factual analysis for the Lanham Act claim. A Lanham Act claim is a claim brought for unfair competition for using trademarks, trade names, or product similarities to confuse the public. A completely different claim from interference with contract, where they say he sent a letter to a customer to interfere with an existing contract. Completely different analysis, completely different claim. She never looked at the Lanham Act claim on the factual basis as to whether there was personal jurisdiction. That was completely omitted from her order and analysis. What she did was she looked at the Lanham Act claim and said, based upon the fact that this is a patent application, as a matter of law, they were entitled to send this letter out notifying customers under the Scosche decision. So she disposed of that claim. Kennedy. Just a second. You have several counts in a complaint. The issue as to whether Mr. Fish, who is a California resident, has sufficient contacts with Arizona to be subject to personal jurisdiction doesn't have anything to do with whether he's liable under the Lanham Act or unfair competition. It has to do whether his presence in Arizona is sufficient under the ordered concepts of liberty and all those good cases we have from the 1940s as to due process. Right? Correct, Your Honor. But her analysis as to whether she did the general analysis saying there wasn't a basis for general jurisdiction, and then she did the specific analysis as to special jurisdiction only looking at the claim for interference with contract. All she has to do for personal jurisdiction is look at the person, not the claims, not the Federal law, not the Arizona law. She looks at whether he's here in Arizona issue. Isn't that it? No. She has to look at the conduct to see whether the conduct had an effect in Arizona and was intended to have an effect in Arizona. That's right. And that analysis is. The conduct of Fish, whether it violates the Lanham Act or whether it violates unlawful competition. How many letters he sent? How many trips he took over? Did he have an office in Arizona? Did he solicit clients in Arizona? All that sort of stuff. Right? But she didn't make that analysis for the Lanham Act because the Lanham Act is commerce. Whether you have intended to cause confusion in commerce, which could have an effect in Arizona, the interference with contract claim, there was only one customer in Las Vegas, Nevada. So the Court's analysis was limited to this one customer in Las Vegas saying, given this one customer, he didn't send a letter to that one customer. But she has a conduct of whether. Let me ask you another question. Are you abandoning your abusive process claim? No, Your Honor. All right. Answer me this question. If Fish is brought in to the lawsuit for the sole purpose of setting up a conflict with his client, why is that not an ulterior motive? I contend it is. Okay. I'll ask you that question, too. And their purpose here is beyond that. They also wanted to get unpublished patent applications, which they could not get under federal law, so they could send those out to their customers and say, look, do business with us. Don't do business with them because they really don't have a viable patent. Where do you allege in your complaint that that was their ulterior motive? Wasn't the lawsuit, the discovery request justifiable, given the nature of the underlying lawsuit against Soleil? In the Sears v. Scottshaw case, which we cite, you can't get the patent applications unless you have a dispute as to a pending patent. There was no dispute as to if none of these patent applications had ripened into a patent, so there was no legal basis in any discovery dispute in this case to get those patent applications. So it was an attempt to do an end run around the law. I don't know how much time I've used, but I'll see I have one minute left, so I'm going to close that. All right, counsel, thank you. Good morning, Your Honors. Paul Vallone on behalf of Thomas Watkins and Skyline, the appellees in this matter. I will be brief. I realize the Court's read the papers and the appellate record, so I'll just touch upon a couple of key points and take my seat. For starters, Your Honor, there's a fundamental principle of appellate law that the appellant has the duty to create a sufficient record for the Court to make a decision. In the appellant's brief, there are very few citations to the record that the appellant has provided. Now, this becomes important because it's difficult to decipher what exactly is fact or fiction within the briefs. And it's not just an academic exercise in this instance, because, for example, the most glaring example is that the appellant repeatedly complains about discovery requests used for the unauthorized purposes to support his abusive process count, yet there's no evidence at this point that appellant, as opposed to Solight, the appellant's client, was ever served with any discovery requests. Mr. Vallone, may I interrupt you? Sure. I know you have a list of peccadilloes in the appellant's brief, but let me ask you a question that I ask counsel for the appellant. What's wrong with an allegation, if there is one, and you may direct yourself to that, on the abusive process count, that the sole purpose of serving Fish as a party defendant in the litigation was to make sure that Fish could not represent Solight, right, because as a party defendant, there might be a conflict of interest between them, so that Solight had to go out and get another less informed, less able attorney, and that the whole purpose was a litigation strategy meant to reduce Fish's income. What's wrong with that? Your Honor, the problem I see with that argument is that there is a long line of cases that we have cited in our briefs that hold that the mere filing of an action cannot form the basis of an abusive process claim. It doesn't matter what it says, what causes of action are alleged. The mere filing of the complaint cannot form a basis of an abusive process claim, and that's the law in our case. Regardless of the ulterior motive and effect which the mere filing has? Pardon? Regardless of the ulterior motive with which the action is filed and the predictable and foreseeable effect which the filing of the action will have? Regardless. That's correct. Those are the Arizona cases. Yes. That's correct, Your Honor. Now, was Fish – I'm sorry. Was – yes. Was Mr. Fish – you said there were no discovery taken of him. Was there not an attempt to depose him? And the allegation is that the appellant argues that that was an attempt to glean from Fish privileged communications? There's nothing in the record, Your Honor, that shows any attempt to depose Mr. Fish. I'm not – honestly, I'm not sure if that was an allegation that was made in the complaint that may or may not have been. But the bottom line is that as long as the process is used for the intended purpose, the ulterior motive element of an abusive process claim becomes irrelevant. It doesn't matter. As long as the process itself was used for its intended purpose, that's all that's required to – to – A malicious prosecution claim could lie for filing, though. Is that correct? That is correct. And turning to the malicious prosecution argument in this case, how do you read both Judge McGeeh's ruling and, isn't it also correct that Judge McNamee initially – and there's a span of, what, three years between the two rulings? The initial ruling, in fact, did not dismiss that malicious prosecution claim. Later on summary judgment, Judge McNamee did. Yes. Does that weigh at all on the analysis that we should make here? That – in my opinion, Your Honor, that has no bearing whatsoever on the analysis the Court should take on this case. If you don't have – the bottom line is that there was an unequivocal ruling that there was no personal jurisdiction as to Mr. Fish. That rendered the Court powerless to make any other rulings in the case. And that is supported by United States Supreme Court authority, the Steele decision, the Ruggia decision. Anything else within that order is completely irrelevant. Once the Court determined that it had no personal jurisdiction over Mr. Fish, it was powerless to decide anything else, regardless of what order the Court made its rulings  May I continue? Did the parties – did the parties brief the question of personal jurisdiction and divide out the question of the Lanham Act versus the contract action? No, they did not. Is that in the record? Do we have those briefs in the record? No, we do not. As far as I know, we do not have those briefs in the record. So we don't know what was officially briefed to Judge Ruggia? That's correct. Okay. But you are confident that they didn't break it out anyway? That's correct. Well, again, it's the appellant's duty to create a record that you can't – So you're sure that it's not in the record and on that basis you're going to make the argument, or you know for a fact on the basis of your own knowledge that it wasn't briefed? I don't know, based on my own knowledge, that it was not briefed, but it's not in the record. I know that as a matter of fact. But getting back to my initial point, because there's nothing in the record showing that there was any discovery or served on Mr. Fish, any Rule 34, docking production requests, anything like that, an abusive process claim cannot be based on that ground as to Mr. Fish. Whether they were served on Solite is a whole other issue. Solite is not a party to this appeal. Mr. Fish has no standing to make that argument. Moving – What are the allegations of the complaint by Fish as to the injury suffered? For example, there's an argument in the briefs that part of the ulterior motive or one of the ulterior motives was to extort a settlement. Also, it's argued to impose excessive costs on Fish. Are there any allegations concerning an effort to impose excessive costs on Fish or anything in the record that such was suffered? There may be allegations in the complaint that there was an allegation that Mr. Watkins just, quote, unquote, just wanted to get his money back. There are Arizona cases and California cases and cases from other jurisdictions that cite that settlement is a proper purpose for purposes of an abusive process claim. So it can't be based on that allegation, an abusive process claim. Reading from appellant's brief on page 14 through 15 very quickly, I just wanted to go through what the appellant claims were the abuses of process. Utilizing fabricated causes of action based on facts which respondents knew or should have known were factually inaccurate, that's the filing of the complaint. Filing of a complaint cannot be the basis of an abusive process claim. Obtaining remedies which were beyond the scope of the Lanham Act, we cited several cases in our briefs for the proposition that as long as the plaintiff is seeking remedies requested, the remedy requested, there is no abusive process. And this is because the process itself is not being misused. It's being used precisely for its intended purpose, which is to gain a recovery in a lawsuit or to prevail on an issue in a lawsuit. So that allegation must fail as a matter of law. The third allegation that we tried to obtain evidence that would otherwise not be available by causing Solight to waive its attorney-client privilege and force Fish to reveal attorney-client communications. Again, it's the ---- Well, that went to my question as to whether he was ever deposed or an attempt was made to depose Fish. Yes. And there was nothing in the record that I could find that showed that that occurred. Again, as stated at the outset, that is really the only way that allegation can be read is that we filed the complaint improperly. And, again, the filing of a complaint, the mere filing of a complaint, no matter how bad it is, no matter how malicious or reckless it is, it cannot be the basis of an abusive process claim. It can be the basis of a malicious prosecution's cause of action, of course, but not abusive process. The fourth point that Mr. Fish makes in his brief is that we tried to, quote-unquote, force Fish and his clients to produce copies of patent applications, still pending and, therefore, confidential. Under Federal law, that's allowed. There are cases we've cited in our brief that that is allowed under Federal law, so there was no abusive process in that respect. Turning to my final point. Counsel, you've used up your time. Is there anything else that the Court needs to hear? Unless the Court has any questions, that's really all I have to say. Okay. Thank you. Mr. Ackerman. Two things. The motion to dismiss was not a motion for summary judgment based upon facts. It's based upon the allegations in the complaint, which have to be taken as true. And the complaint, which is quite long, I believe at pages 24 and 25, talk about exactly what we're talking about, where the suit was intended to cause this conflict of interest for Fish to disclose the attorney-client communications. Under the two cases that we've cited, which are the leading Arizona cases, Ninestead and Crackle, in both of those cases, the Court looked, the Arizona Supreme Court looked at the totality of the circumstances, which in the Ninestead case was the filing of a lawsuit against a neighbor where they simply filed a lawsuit and made a bunch of motions to run up the expenses to try to basically intimidate the neighbor. The Crackle case was where an insurance company simply filed an answer and then engaged in very expensive discovery, which one would argue would be a proper task in defense of a suit. But the Court held that given the amount in controversy, that the conduct basically had the ulterior motive of driving the plaintiff under. What evidence do you have or what allegations do you have specifically in the complaint that go to the question that this was the primary purpose of this lawsuit? Page 24, paragraph 76 through page 25, defendants Watkins and Skyline filed a Phoenix lawsuit for the improper purposes of obtaining improper access to the confidential Solite patent applications, forcing a conflict of interest between Phish PC and its former client Solite, forcing Phish PC to disclose confidential attorney-client communications in order to defend itself, asking for an illegal advisory opinion, and using the Phoenix lawsuit to extort or shake down a settlement from Phish or its malpractice company. Counsel, what was the first Arizona case you discussed? Ninestead. What was the name of the case? N-E-I-N-S-T-E-D-T, which is Say again. Ninestead. N-E-I, I'm sorry, N-I-E-N-S-T-E-D-T versus Wetzel. It's 133 Arizona 348. And Crackle, which is the defense case, is C-R-A-C-K-E-L versus Allstate Insurance Company, 208 Arizona 252. Okay. Now, counsel, I want to return for just a minute to the question of the malicious prosecution case. Did you – I asked you before, and I want to make sure I'm very clear on this. Did you argue that the court lacked personal jurisdiction only over the contract claims? Are you referring to the underlying case, Your Honor? No. When you argued before Judge Merguia, did you argue that she lacked personal jurisdiction over the contract claims? The motion was made with respect to all of the claims. Okay. And my point here, Your Honor, is – But you think that Judge Merguia broke it out herself. She did. But you certainly made an argument that she didn't have personal jurisdiction as to any of the claims. Right. And my point is, is that what Judge McNamee did was he said she should have decided the case in this order. She should have done subject matter jurisdiction and then gone to Ron Fish's motion to dismiss for lack of personal jurisdiction. But she didn't do that. Instead, she went to Solight's motion on the merits and said there is no merit to the Lanham Act claim, there is potential merit as to the breach – I'm sorry, the interference with contract claim. So now we've got two causes of action or two counts gone. Then she turned to Ron Fish's motion on personal jurisdiction, and only looking at the interference with contract claim, she disposed of that, analyzing whether his letter was intended to be sent to that customer. And she ruled, based upon the evidence, that there was no evidence that he intended that letter to be sent. Instead, his client sent it unbeknownst to him. So she ruled, based upon that conduct, there was not special jurisdiction over Mr. Fish sufficient to exercise jurisdiction. But she never looked at the Lanham Act because that had already been dismissed. And my point is, is to say today what she should have done is basically going back into collateral action and examining her decision as a matter of law as to whether it was correct or not. You can't do that. It is what it is. Her decision was the second cause of action under the Lanham Act is dismissed on the merits. And you can say she shouldn't have done that, but she did. And under the case that I've cited, the Van Collenburg, their remedy, if they thought that was wrong, was to take an appeal. They did not. Instead, they could have taken – Skyline could have taken an appeal of her order in the underlying case if they wanted to do so. They were the losing party. They could have said she was wrong, but they didn't. They allowed the judgment to stand. And then in this action, they say, no, it was wrong for the following reasons, but neither Judge McNamee nor this Court can go back and look at a prior judgment to examine it as to whether it was legally correct. Because Fish submitted himself to the personal jurisdiction of the Court by making the appearance. He made those arguments. Whatever her ruling, right or wrong, is binding on any later action, any later court. Thank you very much. Thank you, counsel. I don't think you had any more. You were well over your time. You had the red light on. We gave you additional time. If you'd like to file a letter to the Court regarding it, we'll consider it. All right. Fish v. Watkins is submitted. The next case will be Catholic Healthcare, West Bay Area v. Seafarer's Health and Good morning, Your Honors. Good morning. My name is Barry Sullivan. May it please the Court, I represent Catholic Healthcare. everybody get seated. We appreciate your promptness to give everybody just a chance here to try to catch up with the clock here, Your Honor. May it please the Court.
judges: Bybee, Bea, Pro